

# DONNENFELD LAW PLLC
**37 Northern Boulevard, #280, Greenvale, NY 11548**
**(917) 251-2452; Gregg@DonnenfeldLaw.com**

---

February 5, 2018

**BY ECF**

Hon. Katherine B. Forrest
United States District Court, Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re: *3TAC, LLC and West Loop South, LLC v. Iconix Brand Group, Inc., IP Holdings Unltd. LLC and Neil Cole*, Case 1:16-cv-08795-KBF (hereinafter, "Related Case 1");

*Seth Gerszberg and EGRHC, LLC v. Iconix Brand Group, Inc., IP Holdings Unltd. LLC and Neil Cole*, Case 1:17-cv-08421-KBF [rel. 1:16-cv-08795-KBF] (hereinafter, "Related Case 2 and, with Related Case 1, the "Related Cases").

Motion on Consent to Consolidate Related Cases for Discovery Purposes
and for Brief Stay of Related Case 1 in Connection Therewith

Dear Judge Forrest:

I am writing on behalf of all plaintiffs in the Related Cases (individually and collectively defined above) to move for an Order (a) consolidating the Related Cases for discovery purposes; and (b) to effectuate such consolidation, imposing a brief stay of Related Case 1 pending resolution of a motion to dismiss now pending before this Court in Related Case 2. All defendants in the Related Cases, acting through their counsel (Blank Rome LLP), agree and consent to this relief.

## Factual Background[1]

The Related Cases arise from a series of interconnected and relatively complex business relationships which began with the formation of IP Holdings Unltd. LLC ("IPHU") in October 2009. IPHU then was formed as a joint venture owned by (1) Iconix Brand Group, Inc. ("Iconix"), the CEO of which was Neil Cole ("Cole"); and (2) Suchman, LLC ("Suchman"), the owner of which was Seth Gerszberg ("Gerszberg"). As part of that formation, (1) Gerszberg and/or his businesses contributed or otherwise transferred to IPHU all rights in and to

---

[1] This summary is based on the Complaints in the two actions referenced above and is provided for the convenience of the Court as relevant to this letter motion, and is not intended to modify (and should not be construed as modifying) any of the parties' claims or defenses. Defendants have answered the Complaint in Related Action 1 and denied all material allegations and, as noted, have moved to dismiss the Complaint in Related Action 2. Defendants' consent to the relief sought in this letter motion should not be construed as consent to the allegations of wrongdoing in the Complaint.

1

certain fashion brands including ECKO UNLTD®., MARC ECKO® and ZOO YORK® (the "Brands"), and (2) IPHU granted 3TAC, LLC ("3TAC") (a company indirectly owned or controlled by Gerszberg) a license to use the Brands on and in connection with design, manufacture, sale and promotion of apparel products, with such rights sublicensable to 3TAC's affiliated entities indirectly owned or controlled by Gerszberg (the "MEE License").

In May 2013, following a series of disputes between the opposing parties, one or more transactions occurred by which (a) Suchman sold its membership interest in IPHU to Iconix for consideration which included without limitation a perpetual royalty stream payable to Suchman (the "Perpetual Royalty Stream"); and (b) the term of the MEE License was extended through December 31, 2014, with a sell-off period thereafter extending through September 30, 2015.

**Related Case 1**

In Related Case 1, 3TAC and West Loop South, LLC ("West Loop South", which was one of 3TAC's affiliated entities indirectly owned or controlled by Gerszberg) assert claims against Iconix, IPHU and Cole (the "Defendants") based on allegations that Defendants made materially false representations to the plaintiffs' actual and/or prospective customers so as to intentionally interfere with 3TAC's and West Loop South's rights under the MEE License, and that such interference was part and parcel of a long ongoing pattern and practice by which Defendants had maliciously targeted Gerszberg and his affiliated entities.

The parties are at the relative inception of discovery in Related Case 1. Parties have exchanged document requests and interrogatories, together with responses thereto, but have not yet exchanged any responsive documents. There is a first telephonic status conference scheduled with the Court for Friday, February 9, 2018 at 10a.m. (the "Related Case 1 Status Conference").

**Related Case 2**

In Related Case 2, Gerszberg and EGRHC, LLC ("EGRHC"), in their own right and/or as successors-in-interest to Suchman, assert claims against the Defendants based on allegations that (1) Defendants intentionally harmed Gerszberg and his affiliated entities by engaging in knowing and intentional bad-faith, fraudulent and illegal misconduct in breach of Defendants' fiduciary, contractual and other legal obligations arising in connection with prior ownership, administration and management of IPHU; and (2) Defendants breached obligations owed with respect to the Perpetual Royalty Stream.

Defendants filed a motion to dismiss on December 15, 2017 (ECF 16, the "Motion to Dismiss Pending in Related Case 2"), which plaintiffs in Related Case 2 opposed on January 15, 2018 (ECF 21). Defendants' reply brief is due on or before March 2, 2018 (ECF 20).

**Motion on Consent to Consolidate Related Cases for Discovery Purposes
and for Brief Stay of Related Case 1 in Connection Therewith**

FRCP 42(a) permits the Court to "consolidate the actions" or "issue any other orders to avoid unnecessary cost or delay" in cases as these where the two Related Cases involve "common questions of law or fact". Here, the two Related Cases (a) have relatedness of plaintiffs, as the plaintiffs in both actions are comprised of Gerszberg and/or his affiliated entities; (b) have commonality of defendants, as all three defendants are identical in both cases; (c) involve overlap of discovery requests and discovery responses, including based on overlap of fact witnesses and overlap of document custodians; and (d) have common questions of fact, including to the extent arising from a common set of transactions and common factual allegations and/or factual defenses in both actions, for example concerning malice.

Following extensive good-faith discussions in the form of "meet and confers", all parties to both Related Case 1 and Related Case 2 and their counsel have concluded that multiple material efficiencies will be generated (both for the parties and for the Court) if the two Related Cases are consolidated for discovery purposes. Among other benefits to consolidation are that costs of document collection and document review will be materially reduced by consolidating discovery schedules across the two cases (the parties anticipate that tens of thousands of documents may be searched, reviewed and exchanged and doing so once rather than on a staggered basis will yield material savings), depositions of common witnesses across the two Related Cases can be more efficiently scheduled, certain discovery disputes and discovery motions may be avoided, and risks of inconsistent positions and/or inconsistent pre-trial rulings may be avoided. The parties and their counsel also believe that consolidation of discovery schedules across the two Related Cases, which will permit coterminous rather than staggered exchange of information across the two cases, will better promote the possibility of future settlement.

To effectuate consolidation of the Related Cases for discovery purposes, the parties further request that the Court impose a brief stay of Related Case 1 pending resolution of the Motion to Dismiss Pending in Related Case 2.

* * * * *

For the reasons set forth above, plaintiffs in the Related Cases, with consent of all Defendants, respectfully move for an Order (a) consolidating the Related Cases for discovery purposes; and (b) to effectuate such consolidation, imposing a brief stay of Related Case 1 pending resolution of the Motion to Dismiss Pending in Related Case 2. Should the Court find it beneficial, counsel for all parties can discuss this further during the Related Case 1 Status Conference scheduled to occur on February 9, 2018.

Respectfully submitted,

*Gregg Donnenfeld* (signature)

Gregg Donnenfeld

cc: Counsel of Record (ECF)

## Ordered

The Court GRANTS the motion to coordinate, for discovery purposes, 16 CV 8795 and 17 CV 8421. Accordingly, discovery is 16 CV 8795 is stayed pending resolution of the motion to dismiss 17 CV 8421. After that motion is resolved, a new schedule shall be set. The status conference previously scheduled in 16 CV 8795 is adjourned until resolution of the same motion ~~referred to~~ above.

KB. Forrest
US DJ

2/5/18